YUSPEH v. MIKE MITCHELL & SONS

(February 17, 1930. Opinion and Decree.)

Cahn & Cahn and Wm. Conkerton, of New Orleans, attorneys for plaintiff, appellant.

Henry & Cooper and A. M. Suthon, of New Orleans, attorneys for defendants, appellees.

JANVIER, J. Plaintiff received severe injuries as the result of a fall sustained a few moments after alighting from a street car, and he claims that the fall was caused by his stepping on a stone which he alleges was left in the pathway by employees of defendant, apparently as a stepping stone.

At the time of the accident considerable street repair and construction work was in progress at the intersection of Almonaster (Lafayette) avenue and North Villere street, and it is alleged in the petition and admitted in the answer that defendants were the contractors who were engaged in "installing sub-surface drains, concrete curbs, gutter bottoms, etc."

Yuspeh, with his infant child in his arms, had alighted just before dark on the temporary shell or gravel walkway constructed by the street railway company, and he was attempting to cross from the alighting place to the uptown river corner of the intersection.

He claims that the street and sidewalk were both so badly torn up in the process of repair and reconstruction that there was no permanent walkway, and that ne

was following the path which, apparently, was in general use, and that, when he reached the point where he claims to have fallen, he noticed a large paving stone in the middle of the path, which, on account of the mud and debris, he thought, had been intentionally placed there as a stepping stone. He alleges that, when he stepped on the stone, it turned under him, and he was thrown violently to the ground.

Defendants contend: That there was no such stone in the pathway; that Yuspeh fell because he was trying to take a short cut across rocks and debris, instead of following the slightly longer but safe and beaten path, and, in the alternative, that if there was a stone in the pathway, there is nothing in the evidence to show that the defendants are responsible therefor, particularly in view of the fact that several other contractors were also at work at that point. It is argued that defendants were under no duty to keep clear the pathway any more than were any of the other contractors.

Plaintiff's counsel cites several most interesting cases, in which it was held that a pedestrian on . sidewalk may assume that there is no dangerous obstruction or pitfall in his path, and need not be constantly on the lookout for such obstructions or pitfalls. We concede the soundness of that principle of law, but doubt its applicability to a situation such as existed at the corner in question.

In the natural progress of municipalities it is often necessary that street repairs and improvements be made, and, while such works are under way, it is manifestly impossible for the streets and sidewalks to be maintained in the same safe condition in which they normally should be. When it is obvious that the streets or the sidewalks are undergoing repairs, the traveler thereon may not assume that they are as safe as they should be ordinarily. On the contrary, he must exercise such care as is apparently required by the abnormal conditions. See Beach on Contributory Negligence (3d Ed.) par. 249, where it is said:

"While contributory negligence is not to be presumed from knowledge of the existence of a defect in a sidewalk, such knowledge enjoins upon the party possessing it, a degree of care commensurate therewith. The law imposes upon him the duty of ordinary care. And in proportion as the risk of injury increases, must his care and diligence to avoid injury be increased. It is, therefore, held that a traveler is bound to exercise greater care and attention in passing over a highway while it is undergoing repairs, by which it is partly obstructed, than he would be required to exercise under ordinary circumstances."

But, whatever may be the legal duty of pedestrians under such circumstances as we have described, plaintiff's difficulty here results, not from any misunderstanding of the law applicable, but from an absence of evidence sufficient to prove there was such a rock as he claims, or that defendants are responsible, even if there was one.

Considerable doubt is thrown on the question of whether plaintiff actually stepped upon the rock which he describes by the fact that he himself was at first doubtful as to just how the accident occurred. This is evidenced by the action of his counsel, who, having obtained information from plaintiff himself, was apparently of the opinion that the fall had taken place immediately upon alighting from the street car. In addition to the action of his counsel indicating that, in the mind of plaintiff himself, his fall so closely followed the alighting from the

street car that the street car company was liable, we find in the testimony of Whittaker, an adjuster for the street car company and which company had no interest whatever in the case, that Yuspeh, after the accident, had stated to him that "he stepped from the platform to the step, put one foot to the ground and his weight went on that foot and it turned on some loose pebble or debris, and he fell off of the step of the car."

This statement is not consistent with his testimony that he had walked some distance alongside the street car and had turned into the pathway, and then walked a few steps before he stepped upon the stone which he now charges was in his path.

None of Yuspeh's witnesses saw him fall, nor did they see the rock he claims to have stepped on. It is true that Vaselich, Liendecker, and Dupre all describe the generally bad condition of the street, but none of them denies that there was a safe walkway Yuspeh could have used.

The other witnesses state that there was no such stone as Yuspeh describes and, in view of the fact that we are convinced from the evidence that plaintiff fell not where he says he did, but some distance nearer the street car, it appears that the cause of the fall was his carelessness in trying to negotiate a short cut across debris, instead of following the beaten path. This path, although not paved with asphalt or bricks, or anything of that kind, was nevertheless entirely safe and adequate.

Even if we are wrong in this finding of fact, and even if it be true that Yuspeh fell just as and where he claims, we find nothing whatever in the record to connect the defendants with the accident. Several other contractors were at work at that same corner, and we know of no reason, either from the record or otherwise, for placing the responsibility, if there was fault on the part of anyone, on the drainage contractors, where so many other contractors, including those doing the paving, might just as well have been the ones who either placed the stone there or allowed it to remain there. The questions involved are solely of fact, and the record falls far short of convincing us that the district court was manifestly in error in finding for the defendant.

The judgment appealed from is affirmed.